JUANA DE LOS ÁNGELES RODRÍGUEZ ET AL., Petitioners, *v.* DISTRICT COURT OF PONCE, HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; DELFÍN F. RODRÍGUEZ FAVALE, Intervener.

No. 1825. Argued May 1, 1950.—Decided June 23, 1950.

*Víctor Gutiérrez Franqui, Saldaña & Sánchez Vilella, Rafael V. Pérez Marchand* and *Ernesto Ramos Antonini,* for petitioners. *Leopoldo Tormes García* and *Ramón R. Cabrera,* for intervener.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Due to the fact that Clemente Rodríguez Carlo died intestate on February 20, 1945, his son Delfín F. Rodríguez Favale was appointed judicial administrator of the estate left by his father. The latter had two life insurance policies with the Sun Life Assurance Co. of Canada, policies numbers 3,098,590 and 3,163,724 for $10,000 and $4,000, respec-

tively. In the latter policy he designated José I. Rodríguez Carlo his beneficiary in the amount of $1,000, and as to the remaining $3,000, he designated his legal representatives; and in the former, he designated beneficiary his executor according to the terms of his will which, as we have indicated he did not make. On May 18, 1945 the District Court of Ponce declared as the sole and universal heirs of the deceased, his legitimate son Delfín Rodríguez Favale, his acknowledged natural daughters Juana de los Ángeles Rodríguez and Carmen Rodríguez, and his widow Magdalena Favale in the usufructuary quota determined by law.

While the judicial administration was pending, the heirs stipulated that both policies be collected by Delfín Rodríguez Favale in order to distribute the proceeds therefrom among the interested parties pursuant to law. Rodríguez Favale collected the policies, paid to José I. Rodríguez Carlo the $1,000 to which we have referred and retained the remaining $13,000. Meanwhile, the judicial administration proceeding followed its course culminating with the rendition of the final account on January 10, 1947, which account was approved and the cancellation of the bond ordered on January 30, 1947.

Two years after the closing of the judicial administration, that is, on April 30, 1949, the heirs Juana de los Ángeles Rodríguez and Carmen Rodríguez filed in the lower court a motion within the judicial administration suit alleging, *inter alia*, that they had requested Rodríguez Favale several times to tender to each of them the amount of $4,333.33 which they said was their share in the proceeds of said policies, and that he had refused; that Rodríguez Favale has been utilizing the entire proceeds of the policies since August, 1945 and they requested that he be ordered to deliver to them their corresponding share therein, plus legal interest from the latter date. Rodríguez Favale and Attorney Leopoldo Tormes were served with notice by mail.

Rodríguez Favale appeared personally and deposited in the office of the Clerk, at the disposal of his sisters, the amount of $4,333.33 which he deemed was their share, and objected to the payment of interest alleging that he had not utilized the money for his own benefit but rather that he had deposited it in a special account pursuant to the stipulation authorizing him to collect the policies; and that he had not paid that sum because his sisters claimed an amount larger than was due them.

The motion was heard and the court received evidence thereon, subsequently entering the order which motivated this writ of certiorari. In said order the court stated that it lacked jurisdiction to entertain the motion because it had been filed within the judicial administration suit which by that time had terminated, but it nevertheless discussed the questions involved.

The petitioners contend that the court should have considered the motion in question as if it were a complaint in an action for declaratory judgment.

■ We think that the court acted correctly in dismissing the motion. As well put by the petitioners in their brief (p. 7) the policies formed no part of the inheritance and the rights of the beneficiaries arose out of the contract of insurance. Apparently everyone understood as much when they kept this matter out of the judicial administration.[1]

■ The motion could not be considered as a complaint in an action for declaratory judgment simply because it is necessary to summon the parties in order to bring them

---

[1] In the order appealed from, the lower court set forth the following which has not been controverted by the parties:

"The record of this case contains a motion signed by attorney Rafael V. Pérez Marchand, in representation of the petitioner Juana de los Ángeles Rodríguez, in which the latter requests, and it was so accepted by the parties, that the proceeds from the life insurance policies of the predecessor Clemente J. Rodríguez Carlo, be discussed in the corresponding proceeding for declaratory judgment. This proceeding has not yet been filed by either party."

within the jurisdiction of the court. It is true that Rodríguez Favale and his sisters submitted themselves to the jurisdiction ever since the latter filed the motion and the former answered it; but there is no evidence indicating that the widow, who is an interested party in the proceeds of the policies, was brought within the jurisdiction of the court. The petitioners argue that Attorney Leopoldo Tormes was the attorney for Rodríguez Favale and for the widow in the judicial administration proceeding and that service of the motion on the attorney was equivalent to service on the widow. The widow never appeared personally or by counsel. It appears from the record that the motion of the Rodríguez sisters was notified to Rodríguez Favale and to Attorney Tormes. In his answer Rodríguez Favale appears personally unassisted by counsel. It is in the motion of August 17, 1949 to recall the setting of the motion for reconsideration filed by the Rodríguez sisters, that Rodríguez Favale, and not the widow, appears represented by Attorney Ramón R. Cabrera. The fact that Attorney Tormes was the attorney for the widow in the judicial administration proceeding does not mean that he was her attorney in this new matter, for the relation of attorney and client between them ceased from the moment that the judicial administration was closed, when the final account was approved and the cancellation of the bond ordered on January 30, 1947.

■ Furthermore, assuming that we were able to consider the motion appealed from as a complaint for declaratory judgment, we would be met with the difficulty that certain questions of fact have been raised which can not be decided unless a transcript of the evidence received during the hearing of the motion appealed from is sent up. However such a transcript has not reached us.

The writ will be discharged.